## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MICHAEL P. GORMAN,              )
                                )
              Plaintiff,        )
                                )
                                )
         v.                     )      1:13CV647
                                )
                                )
CHIEF OF POLICE FOR CITY OF BOONE, )
NORTH CAROLINA, et al.,         )
                                )
              Defendants.       )
```

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2), for failure to state a claim.[1]

### LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure

---

[1] Plaintiff's pauper application lists monthly income totaling $1027 and no monthly expenses, suggesting he could afford to pay the filing fee. (See Docket Entry 1 at 2-3.) However, in light of the recommendation of dismissal, no need exists to address this matter further.

the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

2

action, supported by mere conclusory statements, do not suffice."
Id.[2]

## DISCUSSION

Plaintiff's Complaint names nine Defendants: the Chief of Police for the City of Boone, North Carolina; the Chief of Police for the City of Greensboro, North Carolina; the Chief of Police for the City of Pinehurst, North Carolina; the Chief of Police for the City of Southern Pines, North Carolina; two unnamed Pinehurst police officers; one unnamed Southern Pines 911 operator; one unnamed Southern Pines police officer; and one unnamed Greensboro police officer. (Docket Entry 2 at 1-2.) The Complaint seeks "[i]njunctive [r]elief [to] [s]top the factless claim by any party . . . [s]tating as fact that Plaintiff is a pediphile [sic] . . .

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

." (Docket Entry 2 at 3.) As factual matter supporting this request, the Complaint offers the following:

1) on or about July 31, 2013, at approximately 7:00 p.m., a "Hate Crime vs. Plaintiff [was] inigiated [sic] by Pinehurst Security Director Jane Doe" (id. at 2);

2) on August 2, 2013, an unnamed Pinehurst police officer told Plaintiff that "Pinehurst Security Director Jane Doe says your [sic] a pediphe [sic]" (id.);

3) on August 3, 2013, another unnamed Pinehurst police officer and an unnamed Greensboro police officer also told Plaintiff "Pinehurst Security Director Jane Doe says your [sic] a pediphe [sic]" (id.); and

4) "[t]his has lead [sic] to 3 death threats and 2 attempts on [Plaintiff's] life since July 31, 2013" (id.).

Under 42 U.S.C. § 1983, individuals may bring a cause of action against municipal governments and their officials for deprivations of federal constitutional or statutory rights. Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009). However, Plaintiff's alleged reputational injury - that law enforcement personnel referred to him as a pedophile without sufficient facts[3] – alone does not establish a cognizable

---

[3] Notably, the Complaint lacks any factual allegations directly challenging the accuracy of this description of Plaintiff. (See Docket Entry 2 at 1-3.)

deprivation of rights under § 1983 and the Fourteenth Amendment. See Paul v. Davis, 424 U.S. 693, 711-12 (1976) (holding that "the interest in reputation . . . is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law" in context of police who placed plaintiff's name and photograph on an "Active Shoplifters" list). Although the Complaint alleges in a conclusory fashion that the harm to Plaintiff's reputation resulted in multiple death threats and attempts on his life, the Complaint does not offer any factual matter to support a causal (much less intended) connection between the alleged statements made by law enforcement officers and the alleged threats on Plaintiff's life. (Docket Entry 2 at 2-3.)

Moreover, the Complaint identifies Pinehurst Security Director Jane Doe as the individual who made the allegedly improper statement to other law enforcement officers but does not name her as a Defendant. (Docket Entry 2 at 1-2.) Thus, even if defamation alone supported a claim under § 1983, the nine named Defendants do not appear to represent proper Defendants, given that the Complaint does not identify any statements any of them made to anyone other than Plaintiff. In sum, Plaintiff's Complaint does not state a plausible claim under § 1983 with respect to any of the named Defendants. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

5

Indeed, the Complaint fails to allege any conduct or culpable inaction by six of the nine named Defendants (i.e., the four Police Chiefs, the Southern Pines 911 operator, and the Southern Pines police officer).  (See Docket Entry 2 at 2.)  Moreover, the Complaint does not mention any events that occurred in Boone or Southern Pines, or any interactions with law enforcement personnel from these municipalities.  (Docket Entry 2 at 2.)  Nor does the Complaint state a valid § 1983 claim against any of the four Police Chiefs based on their position alone, because § 1983 does not permit liability based on a respondeat superior theory.  Monell, 436 U.S. at 691.  Any official capacity claim similarly fails as a matter of law, given that the Complaint alleges no facts showing that any of the officers acted pursuant to a policy or custom (Docket Entry 2 at 2), a requirement to establish such liability under § 1983.  See Monell, 436 U.S. at 694 (setting standard for municipal liability); Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006) (explaining that official capacity claims constitute claims against governmental entity employing that official).

CONCLUSION

Plaintiff's Complaint fails to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

                                            /s/ L. Patrick Auld
                                               **L. Patrick Auld**
                               **United States Magistrate Judge**

September 17, 2013